UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                              Criminal Action No.:  3:25-CR-00030-RGJ

**THOMAS CZARTORSKI**, et al                            DEFENDANTS

## **UNOPPOSED PROTECTIVE ORDER**

It is hereby **ORDERED** that, pursuant to Federal Rule of Criminal Procedure 16(d)(1), the following order shall control the handling of all material produced by the United States in discovery in this case (the "Discovery Production").

The Discovery Production includes records, which contain personal and sensitive information. Specifically, the United States' initial production pursuant to Federal Rule of Criminal Procedure 16 includes dozens of audio and video recordings, photographs, communications, medical records, reports of investigations of incidents involving KSP officers, KSP policy and training documents, personnel records, including employment applications, training transcripts, performance evaluations, and internal affairs files, some of which contain discussion of highly personal and sensitive subjects.

Due to the volume of this material, as well as its personal and sensitive nature, the Court orders the following restrictions on the use and disclosure of the material:

1. The Government is authorized to disclose to the defendants sensitive information in its possession that the Government believes necessary to comply with its discovery obligations.

2. Counsel for the defendants may share the discovery materials only with his or her respective defendant, counsel's support staff, and investigators or experts working

with counsel (the "defense team") to the extent necessary to provide a defense in this case.

3. The defendants may be shown copies of the discovery material under the supervision of their respective counsel. However, the defendants shall not make their own copies of any of the discovery material and may not retain copies of the discovery material, except that the defendants may retain copies of the response to resistance forms and narrative reports and bodycamera and/or dash camera video recordings of the incidents for which they have been charged. The defendants may not share any discovery materials with any person outside the defense team.

4. Members of the defense team may use the discovery materials to question witnesses to the extent necessary to prepare a defense in this case, including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery, unless the discovery is the witnesses' own statements or records.

5. Counsel for the defendants, prior to sharing any discovery materials with any member of the defense team, shall give the person receiving the discovery materials a copy of the protective order and inform that person that he or she is subject to its terms.

6. Members of the defense team shall not make any public disclosure of the contents or disseminate the materials to anyone other than members of their own defense team, except that the materials may, subject to the paragraph below, be published as exhibits for any expert witness disclosure, attached to any pleadings filed with the Court, or used at trial.

7. Should a party wish to attach any discovery materials to any expert witness disclosures and/or pleadings filed with the Court, the party should first notify the other parties of the nature of the information they plan to attach and discuss whether such information should be filed under seal. If the parties determine that the information need not be filed under seal, the filing party must redact any personally identifying information ("PII"). PII includes social security numbers, birth dates, home addresses, email addresses, and phone numbers. If the parties cannot agree whether the information should be filed under seal, they may seek guidance from the Court.

8. If counsel for any defendant desires to disclose any discovery or make available or communicate the content of such discovery to any other person not described in this Order, or for any purpose other than to prepare a defense in this criminal case, counsel must first advise the Government, and the parties should attempt to reach an informal resolution of or agreement on the matter. If an agreement cannot be reached, counsel for the defendant shall apply to the Court for relief from this Order.

9. This **ORDER** governs only the Discovery Production made available to the defendants by the Government in this criminal action. This **ORDER** does not limit the defendants' and the defense team's use of documents that they might already possess prior to receiving discovery or materials they may obtain through other means.

10. Nothing in this **ORDER** will preclude a party from seeking any additional discovery or from conducting any independent investigation.

11. This **ORDER** shall survive the final termination of this case, including any appellate and Section 2255 proceedings. Upon termination of this case, counsel for the defendants shall return all copies of the discovery to the Government.

Entered this ___ day of _____, 2025.